UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

GENERAL ELECTRIC CAPITAL )
BUSINESS ASSET FUNDING )
CORPORATION OF CONNECTICUT, )
et al., )
 )
     Plaintiff, )
 )
  v. ) Civil Action No. 1:09cv1381
 )
C&S RESTAURANT GROUP, INC., )
et al., )
 )
     Defendants. )

MEMORANDUM OPINION

I. Introduction

THIS MATTER came before the Court for a hearing on plaintiff's Motion for Summary Judgment against Answering Defendants on May 7, 2010.

For the reasons stated below, the Court grants plaintiff's Motion for Summary Judgment.

II. Discussion

The Court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether this showing has been made, the Court must assess the evidence in the light most favorable to the party opposing the motion. *See, e.g.,*

*Chabornnages de France v. Smith*, 597 F.2d 406 (4th Cir. 1979). However, a party opposing a motion for summary judgment "may not rest upon the mere allegation or denials of the adverse party's pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Celotex Corp v. Catrett,* 477 U.S. 317, 324 (1986). Unless the opposing party points to "affirmative evidence" showing disputed material facts, the Court shall enter summary judgment, if appropriate, against the adverse party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 256-67 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970).

At the May 7, 2010 hearing on plaintiffs' Motion, defendants questioned plaintiffs' calculations of the amounts owing under the notes. However, defendants presented no affirmative evidence showing disputed material facts. Additionally, through the forbearance and modification agreements entered into by the parties, the answering defendants expressly acknowledged the amounts due and owing on the loans.

In the instant case, the Court finds that there are no material facts in dispute and that plaintiffs are entitled to summary judgment against the answering defendants for failing to pay all amounts due under the loans, as contractually required by the notes and the payment guaranty contained in the Cross-Default Agreement and the guaranties.

With respect to the C&S Note, this Court finds that CEF

Funding, LLC is entitled to judgment against each of the answering defendants, jointly and severally, in the amount of $3,278,672.71, plus interest accruing from and including March 22, 2010, through the date of judgment at the rate of $839.47 per day.

With respect to the CSE Note, this Court finds that GE Commercial Finance Business Property Corporation is entitled to judgment against each of the answering defendants, jointly and severally, in the amount of $3,224,543.52, plus interest accruing from and including March 22, 2010, through the date of judgment at the rate of $903.86 per day, plus post-judgment interest at the higher of the contract rate or the legal rate.

With respect to CSC Note One, this Court finds that General Electric Business Asset Funding Corporation of Connecticut is entitled to judgment against each of the answering defendants, jointly and severally, in the amount of $1,577,511.34, plus interest accruing from and including March 15, 2010, through the date of judgment at the rate of $362.38 per day, plus post-judgment interest at the higher of the contract rate or the legal rate.

With respect to CSC Note Two, this Court finds that CEF Funding II, LLC is entitled to judgment against each of the answering defendants, jointly and severally, in the amount of $1,021,367.17, plus interest accruing from and including March 15, 2010, through the date of judgment at the rate of $234.34 per

day, plus post-judgment interest at the higher of the contract rate or the legal rate.

With respect to the West Palmden Note, this Court finds that CEF Funding, LLC is entitled to judgment against each of the answering defendants, jointly and severally, in the amount of $4,851,836.83, plus interest accruing from and including March 22, 2010, through the date of judgment at the rate of $1,133.50 per day, plus post-judgment interest at the higher of the contract rate or the legal rate.

With respect to the attorneys fees and expenses incurred in collecting these loans, this Court finds that plaintiffs are entitled to judgment against each of the answering defendants, jointly and severally, in the amount of $11,373.70.

## II. Conclusion

For the reasons stated above, plaintiff's Motion for Summary Judgment is granted. An Order shall issue forthwith.

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

May 11, 2010
Alexandria, Virginia